**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEFFREY NEWLAND, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:24-cv-01258 |
| | ) | |
| v. | ) | Chief Judge Cathy Bissoon |
| | ) | |
| IMPERIAL RIVER TRANSPORT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

**I.    MEMORANDUM**

For the reasons that follow, Plaintiff Jeffrey Newland's Motion for Leave to File a First

Amended Complaint (Doc. 43) (the "Motion to Amend") will be granted—albeit on the terms

specified in the below Order—and Defendant Imperial River Transport, LLC's Motion for Leave

to File Sur-Reply (Doc. 47) will be denied.  The deadlines set forth in the Court's previous

Orders docketed at ECF Nos. 40 and 41 will be stayed, and this matter administratively closed,

until all defendants have answered or otherwise responded to Plaintiff's amended complaint.

Accordingly, the parties' Joint Motion for Extension of Mediation Deadline (Doc. 49) will be

denied as moot.

**A.  Factual and Procedural Background**

This case arises out of permanently debilitating injuries that Plaintiff sustained on

May 11, 2022, while employed by Defendant Imperial River Transport, LLC ("IRT") as a

crewmember of the M/V Mary Rose, a tow vessel.  Comp. (Doc. 3) ¶ 4.  Plaintiff alleges that his

injuries were caused when the M/V Mary Rose's captain "incompetently maneuvered the vessel

at an unreasonable speed" and "los[t] control of the vessel[,] resulting in an allision with . . .

barges, [and] breaking rigging." Id. Notwithstanding the seriousness of Plaintiff's injuries, this litigation has proceeded only in fits and starts since its inception.

The Complaint (Doc. 3) was filed on September 6, 2024. IRT filed its Answer (Doc. 10) on November 20, 2024. The same day that IRT answered, the Court scheduled an Initial Case Management Conference ("ICMC") to be held by video call on January 10, 2025. See Nov. 20, 2024 Order (Doc. 11). Having been on notice of the upcoming ICMC for over 45 days, IRT moved just three days before the scheduled conference to continue the ICMC, and all other deadlines, because of a counsel change. See Jan. 7, 2025 Mot. (Doc. 13) ¶¶ 2-4. The Court promptly rescheduled the ICMC to be held on February 24, 2025. See Jan. 1, 2025 Text Order (ECF No. 14). But, on February 21, 2025—yet again, just days before the conference's long-scheduled date—the parties jointly moved for another 30-day continuance because Defendant had not yet secured new counsel. See Feb. 21, 2025 Mot. (Doc. 15) ¶¶ 2-5. The Court granted the continuance. See Feb. 25, 2025 Text Order (ECF No. 17). Although the parties finally appeared at the ICMC video call on March 24, 2025, they took this opportunity to advise the Court that an administrative stay was necessary due to issues concerning Plaintiff's competency to proceed. See Mar. 24, 2025 Min. Entry (Doc. 29). Upon the parties' subsequently-filed motion, the Court granted the requested stay until January 31, 2026. See Mar. 25, 2025 Mot. (Doc. 30) ¶¶ 2-3; Mar. 25, 2025 Text Order (ECF No. 31).

In advance of the stay being lifted, the Court convened a telephonic status conference, at which the parties indicated that they may be able to stipulate to Plaintiff's competency. See Jan. 22, 2026 Min. Entry (Doc. 34); Jan. 22, 2026 Text Order (ECF No. 35). The parties filed a Stipulation (Doc. 37) of Plaintiff's competency to proceed on February 24, 2026. Accordingly, the Court then entered a Case Management Order ("CMO"), setting an April 2, 2026 deadline for the parties to amend the pleadings or add new parties. See CMO (Doc. 40) ¶¶ 2, 3. The Court

2

also entered a Text Order (ECF No. 41) requiring the parties to mediate on or before April 9, 2026.

In advance of the April 2 deadline to amend pleadings or add parties, Plaintiff filed the Motion to Amend, attaching the Proposed First Amended Complaint (Doc. 43-1) (the "Proposed FAC"), which would add two new defendants, Campbell Transportation Company and CTC Liquid Services LLC (together, the "CTC Defendants"). See Proposed FAC ¶ 5. Per the Proposed FAC, CTC Defendants owned the barges struck by the M/V Mary Rose as well as the associated rigging that broke at the time of allision. Id. Plaintiff alleges that CTC Defendants were "under contract" with IRT, and that Plaintiff was a "third party beneficiary of an attendant warranty of workmanlike services" that CTC Defendants breached when the barge rigging broke. Id. IRT opposed the Motion to Amend in an Opposition Memorandum (Doc. 45), arguing that (*i*) amendment was futile because the statute of limitation to bring a negligence action against CTC Defendants had elapsed without the possibility for relation back to the original filing, (*ii*) amendment would cause undue prejudice to CTC Defendants and (*iii*) Plaintiff had engaged in undue delay by failing to add CTC Defendants sooner. See Opp. Mem. at 3-8.[1] Plaintiff filed a Reply Memorandum seeking attorney fees pursuant to 28 U.S.C § 1927 for costs in connection with responding to IRT's arguments, see Reply Mem. (Doc. 46) at 3; and IRT responded with a Motion to File a Sur-Reply (Doc. 47), ostensibly to address the fee request made in Plaintiff's Reply Memorandum. The parties subsequently moved to again delay this litigation's progress by extending the deadline previously set by the Court for the parties to mediate. See Joint Mot. (Doc. 49).

---

[1] Pagination in this Memorandum for all documents filed in the instant action refers to the page number utilized in the cited document's ECF heading banner.

**B. Analysis**

   *i.    The Motion to Amend*

Because Plaintiff moved for amendment within the period the Court prescribed in the CMO, "[t]he court should freely give leave" for Plaintiff to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).  "Given the liberal standard under Rule 15(a), 'the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay[] or futility." Graham v. Progressive Direct Ins. Co., 271 F.R.D. 112, 122 (W.D. Pa. 2010) (quoting Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007).  IRT has not carried that burden here.

Where a party opposes amendment on the basis of futility, the Court determines whether "the complaint, as amended, would fail to state a claim upon which relief could be granted." Great W. Min. & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) (quoting In re Merck & Co. Sec., Derivative, & ERISA Litig., 493 F.3d 393, 400 (3d Cir. 2007)).  In doing so, the Court "applies the same standard of legal sufficiency as applies under [Federal Rule of Civil Procedure] 12(b)(6)."  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

In its Opposition Memorandum, IRT misconstrues Plaintiff's cause of action against CTC Defendants to be a Jones Act and General Maritime Law claim barred by 46 U.S.C. § 30106, which requires that "[e]xcept as otherwise provided by law, a civil action for damages for personal injury or death arising out of a maritime tort must be brought within 3 years after the cause of action arose."  See Opp. Mem. at 3.  IRT's position ignores the substance of Plaintiff's claims against CTC Defendants described in the Proposed FAC:  that CTC Defendants breached the warranty of workmanlike services implied by its contract with IRT, to which Plaintiff was a third-party beneficiary.  See Proposed FAC ¶ 5.  A claim for the breach of the warranty "arises *under operation of contract* but extends to all foreseeable parties, including the employees of the

4

shipowner." Chisholm v. UHP Projects, Inc., 205 F.3d 731, 734 (4th Cir. 2000) (emphasis added) (citing Sanderlin v. Old Dominion Stevedoring Corp., 385 F.2d 79, 81-82 (4th Cir. 1967); see also Oglebay Norton Co. v. CSX Corp., 788 F.2d 361, 364-65 (6th Cir. 1986) ("Even though recovery [on the warranty] may turn on the company's standard of performance, the action remains a contract, not tort, action.").

IRT did not cite—and the Court could not locate—any authority applying § 30106 to bar an action in admiralty arising from the breach of the warranty of workmanlike service.  To the contrary, when the Court of Appeals for the Third Circuit considered the available time to bring a claim on the warranty, it found that the doctrine of laches governed.  See United N.Y. Sandy Hook Pilots Ass'n v. Rodermond Indus., Inc., 394 F.2d 65, 74 (3d Cir. 1968) ("[S]ince there is no federal statute of limitations controlling this action, the proper measure of time within which suit had to be commenced is the maritime doctrine of laches.").  Under that doctrine, "[i]f the local statute of limitations has not run, it is generally presumed defendant has not been prejudiced; if it has run, the converse is presumed." Id. at 75.  Here, the Pennsylvania statute of limitations applicable to express and implied contracts is four years.  42 Pa. Cons. Stat. § 5525. Even assuming that a cause of action based upon the warranty accrued as early as May 11, 2022, i.e., when the CTC Defendants' rigging broke, the Court presumes that the less-than-four-year delay in raising this claim does not prejudice the CTC Defendants.  IRT makes no persuasive argument to overcome this presumption.[2]

---

[2] This Memorandum and Order is expressly limited to deciding the narrow issue raised by IRT in its Opposition Memorandum concerning the applicability of § 30106 to the claims against the CTC Defendants in the Proposed FAC.  Because the Court finds that a claim for breach of the warranty is not untimely on this record, it need not address IRT's arguments that the Proposed FAC should not relate back to the Complaint's filing.

IRT's arguments that it would be unduly prejudicial to the CTC Defendants to allow amendment, or that Plaintiff's engaged in undue delay, are also unavailing. Two of the reasons provided by IRT for undue prejudice to CTC Defendants—inability to participate in then-upcoming mediation and Plaintiff's then-upcoming deposition—no longer appear to be a concern. See Joint Mot. ¶¶ 2, 5 (indicating that Plaintiff was not deposed and the mediation not held). Additionally, the Motion to Amend was filed within the time-period that IRT jointly proposed with Plaintiff to the Court while simultaneously disclosing that Plaintiff intended to amend the Complaint to add the CTC Defendants as parties. See R. 26(f) Report (Doc. 39) ¶¶ 3, 9. Ultimately, at this early stage of proceedings, IRT's conclusory claims that a new party may need to become familiar with the record or take additional discovery does not, without more, carry its burden of showing undue prejudice or delay. See Dole v. Arco Chem. Co., 921 F.2d 484, 488 (3d Cir. 1990) (holding "the need for additional discovery does not conclusively establish prejudice"; rather, the party claiming prejudice must "demonstrate that its ability to present its case would be seriously impaired were amendment allowed").

ii.    Sanctions and Form of Pleadings

Plaintiff asks the Court to require IRT to pay Plaintiff's attorney fees pursuant to 28 U.S.C. § 1927 incurred for the preparation of the Reply Memorandum. See Reply Mem. at 3. But "sanctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment[] or well-intentioned zeal." Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 142 (3d Cir. 2009) (quoting LaSalle Nat'l Bank v. First Conn. Holding Grp., LLC XXIII, 287 F.3d 279, 289 (3d Cir. 2002)). Here, rather than IRT's position being the result of bad faith, the Court finds it far more likely that IRT's misunderstanding was instead borne of Plaintiff's own failure to draft the Proposed FAC in

6

conformance with the Federal Rules of Civil Procedure.[3]  Accordingly, the Court declines to

sanction IRT on the requested basis, but will order Plaintiff to conform its amended complaint,

when filed, to the requirements of Federal Rules of Civil Procedure 8 and 10.[4]

"The Third Circuit has criticized 'the all too common shotgun pleading approach' to

complaints." Bartol v. Barrowclough, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017) (quoting

Hynson v. City of Chester Legal Dep't, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988)).  "It has

explained that requiring a plaintiff to plead facts with specificity 'ha[s] a twofold purpose:  1) to

weed out at an early stage frivolous claims and those that should be heard in state court, and 2) to

provide the defendant with sufficient notice of the claims asserted.'" Id. (alteration in original)

(quoting Hynson, 864 F.2d at 1031 n.13).  The Court of Appeals for the Eleventh Circuit's useful

disaggregation of the "shotgun pleading" phenomena identifies four subspecies of the genre:

(1) "a complaint containing multiple counts where each count adopts the allegations of all

preceding counts"; (2) a complaint that is "replete with conclusory, vague[] and immaterial facts

not obviously connected to any particular cause of action"; (3) a complaint that does "not

---

[3] In contrast with the ambiguity of Plaintiff's pleadings, section II.A of the undersigned's Practices and Procedures unambiguously states that "the parties shall endeavor not to oppose motions to amend the pleadings that are filed . . . within the time set forth in the parties' Rule 26(f) Report and/or the Court's Rule 16 Case Management Order."  To the extent that IRT believed that there was an inadvertent mischaracterization in the timely-filed amended complaint, the appropriate course of action was to meet and confer with opposing counsel about that perceived issue—not prematurely oppose a timely amendment based on its mistaken assumption that opposing counsel had made an error.

[4] Having declined *ab initio* to consider Plaintiff's invitation to sanction IRT, the Court can discern no good cause for granting IRT's Motion for Leave to File Sur-Reply.  "Sur-reply briefs are seldom necessary." Gentry v. Sikorsky Aircraft Corp., No. 2:18-cv-01326, 2018 WL 6329147, at *2 (E.D. Pa. Dec. 4, 2018).  "They are appropriate only where a party 'seek[s] to respond to an argument raised for the first time' by an opposing party." Id. (alteration in original) (quoting NorFab Corp. v. Travelers Indem. Co., 555 F. Supp. 2d 505, 513 (E.D. Pa. 2008)).  To the extent that IRT attempts to use a sur-reply to raise new arguments that it could have, but failed, to raise in its Opposition Memorandum, such an approach does not find favor with the Court.

separate[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015).

At minimum, the Proposed FAC fits comfortably within the third Weiland category. Rather than separating or otherwise distinguishing Plaintiff's distinct causes of action, the Proposed FAC eschews clear, numbered identification of the counts purportedly brought therein. Compounding confusion caused by Plaintiff's failure to organize its causes of action by count, Plaintiff also described CTC Defendants as having committed "tortious acts" in its recitation of Plaintiff's damages, and references only the Jones Act and General Maritime Law as a basis for the Court's jurisdiction, despite Plaintiff apparently bringing a contract claim against CTC Defendants for a breach of the implied warranty of workmanlike service. Proposed FAC ¶¶ 2, 6.

Federal Rule of Civil Procedure 10(b) requires that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense," and Federal Rule of Civil Procedure 8(a)(2) mandates that pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, "the federal courts consistently have required separate statements when separate claims are pleaded, notwithstanding the fact that the claims arose from a single transaction." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1324 (4th ed. 2026); see also Guth v. Tex. Co., 155 F.2d 563, 565-66 (7th Cir. 1946) ("Since the complaint . . . stated one cause for relief for negligence and one on account, even under the liberal practice that prevails under the Rules of Civil Procedure, these two causes should have been stated in separate counts and numbered."). Plaintiff shall conform the amended complaint to these requirements, or risk

dismissal.  See, e.g., Tice v. Wilson, No. 1:24-cv-00044, 2024 WL 4336306, at *1 (W.D. Pa. Sept. 27, 2024) (Bissoon, C.J.) ("Dismissal under Rule 8 is . . . proper when a complaint leaves the defendants having to guess what of the many things discussed constituted a cause of action . . . .").

## II.   ORDER

For the above reasons, Plaintiff's Motion for Leave to File a First Amended Complaint (Doc. 43) is **GRANTED**, and Plaintiff is **ORDERED** to file an amended complaint complying with Federal Rules of Civil Procedure 8 and 10 on or before May 20, 2026.  Plaintiff is **ORDERED** to effect service of the amended complaint upon all defendants on or before May 22, 2026.  Defendant's Motion for Leave to File a Sur-Reply (Doc. 47) is **DENIED**.  The deadlines set forth in the Court's previous Orders docketed at ECF Nos. 40 and 41 are **STAYED** until all defendants have answered or otherwise responded to the amended complaint. The parties' Joint Motion for Extension of Mediation Deadline (Doc. 49) is **DENIED** as moot. This case is **ORDERED** administratively closed for the duration of the stay.

IT IS SO ORDERED.

May 12, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):
All Counsel of Record

9